IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael J. Swann, | ) | C/A No. 3:16-2724-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Akorn, Inc.; Interpace Diagnostics Group, Inc., | ) | |
| Defendants. | ) | |

Plaintiff Michael J. Swann filed this employment action alleging claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq.; as well as raising state law claims of breach of contract and wrongful termination in violation of public policy against the named defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motions for judgment on the pleadings as to Swann's claim of wrongful termination in violation of public policy. (ECF Nos. 23 & 25.) Swann did not file a response opposing either defendant's motion. Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motions for judgment on the pleadings should be granted and Swann's fourth cause of action—wrongful termination in violation of public policy—should be dismissed.

---

[1] The parties stipulated to dismissal of Swann's ADA claim against Defendant Interpace Diagnostics Group, Inc. (ECF No. 20.)



## DISCUSSION

A.  **Motion for Judgment on the Pleadings Standard**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings should be granted when, viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). However, the court may also consider the defendants' answers. See Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014); see also Void v. Orangeburg Cty. Disabilities & Special Needs Bd., Civil Action No. 5:14-cv-02157-JMC, 2015 WL 404247, at *2 n.1 (D.S.C. Jan. 29, 2015).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also



consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

**B.     Defendants' Motions for Judgment on the Pleadings**

Swann alleges in his fourth cause of action that the defendants "subjected Plaintiff to a hostile working environment and, ultimately discharged Plaintiff, because of his disabling medical condition, polycythemia." (Compl. ¶ 48, ECF No. 1-1 at 12.) He further alleges that the defendants' "intolerable and hostile conduct toward Plaintiff, because of his disabling medical condition, directly and proximately caused Defendants to discharge Plaintiff," which "violates the public policy of the State of South Carolina." (Id. ¶ 49, ECF No. 1-1 at 12-13.)

Both defendants independently argue that Swann's claim of wrongful discharge in violation of public policy should be dismissed with prejudice. Specifically, they argue that Swann can seek redress for this claim under the ADA and the South Carolina Human Affairs Law and, accordingly, a statutory remedy for this claim exists. For the reasons advanced by the defendants, the court, in its independent review, agrees. See Barron v. Labor Finders of South Carolina, 713 S.E.2d 634, 615 (S.C. 2011) (holding that a claim for wrongful termination in violation of public policy does not lie when the employee has an existing statutory remedy for the wrongful termination); Bouknight v. KW Assocs., LLC, C/A No. 3:16-cv-0210-CMC-PJG, 2016 WL 3344336, at *2 (D.S.C. June 16, 2016) ("[T]o the extent challenged actions fall within the scope of a state or federal statutory anti-retaliation provision, they may not be pursued through a Wrongful Termination claim because there is another form of redress."); see also Dockins v. Ingles Markets, Inc., 413 S.E.2d 18, 19 (S.C. 1992)



(finding that an employee allegedly terminated in retaliation for filing a complaint under the Fair Labor Standards Act had an existing statutory remedy and therefore could not pursue a claim for wrongful termination in violation of public policy).  As stated above, Swann did not file any opposition to the defendants' motions.

## RECOMMENDATION

As a statutory remedy exists for Swann's claim of wrongful termination, his public policy claim based on the same allegations is precluded as a matter of law.  Accordingly, the court recommends that the defendants' motions for judgment on the pleadings be granted as to Swann's fourth cause of action.  (ECF Nos. 23 & 25.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 15, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).