IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael J. Swann,<br><br>              Plaintiff<br><br>   v.<br><br>Akorn, Inc.; Interpace Diagnostics Group, Inc.,<br><br>             Defendants. | C/A. No. 3:16-2724-CMC-PJG<br><br>Opinion and Order<br>Adopting Report and Recommendation<br>and Granting Motions for<br>Judgment on the Pleadings |

This matter is before the court on Defendants' motions for judgment on the pleadings on Plaintiff's claim for wrongful termination in violation of public policy. ECF Nos. 23, 25. The wrongful termination claim, along with other claims not challenged at this time, arise out of Plaintiff Michael Swann's ("Swann") employment relationship with Akorn, Inc. ("Akorn") and Interpace Diagnostics Group, Inc. ("Interpace") (collectively "Defendants"). For the reasons set forth below, the motions are granted and the wrongful termination in violation of public policy claim against both Defendants is dismissed.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. After Defendants' motions were filed, the Magistrate Judge entered two orders directing Plaintiff to advise the court whether he wished to continue with his wrongful termination in violation of public policy cause of action against either Defendant and, if so, to respond to the motions within seven days of the dates of the orders. ECF Nos. 26, 29. Plaintiff was further advised that failure to respond would cause the court to decide the motions on the record presented in Defendants'

motions, or the court may dismiss with prejudice for failure to prosecute. *Id.* Plaintiff filed no response to either of the court's orders.

On February 15, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendants' motions for judgment on the pleadings be granted. ECF No. 32. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. No party filed objections to the Report, and the time to do so has expired. This matter is now ripe for resolution.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Defendants' motions for judgment on the pleadings as to Plaintiff's

wrongful termination in violation of public policy claim (ECF Nos. 23, 25) are granted, and the claim is dismissed with prejudice.[1]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 8, 2017

---

[1] "Dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). That is the case here as to the cause of action challenged.